FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLAKE M. REAVIS,<br><br>               Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY JAIL,<br><br>               Defendant. | No: 2:24-CV-00184-MKD<br><br>ORDER OF DISMISSAL |

    On May 29, 2024, the Court received Plaintiff Blake M. Reavis's *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. That same day, the Clerk of Court instructed Plaintiff to keep the Court informed of any change of address, stating: "If you do not provide written notice of your change of address, the District Court Executive/Clerk cannot be responsible for your inability to receive Court orders and correspondence." ECF No. 2 at 1.

    At the time the Complaint was filed, Plaintiff was housed at the Spokane County Detention Services. ECF No. 1 at 2. However, mail addressed to Plaintiff

ORDER - 1

at the Spokane County Detention Services, the last address provided, was returned as undeliverable on June 5, 2024.  ECF No. 3.

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address.  If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action.  LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters.  *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642-44 (9th Cir. 2002) (discussing factors to consider in dismissing claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to defendants).  Plaintiff has failed to keep the Court apprised of his current address.

Accordingly, **IT IS ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

ORDER - 2

2.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED**.  The Clerk of Court is directed to enter this Order, **enter judgment**, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

DATED this 5th day of August 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3